UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACEO M. RAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 107 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227, and INDIANA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Jacobeit v. Rich Township High School District 227*, No. 09 C 1924 (N.D. Ill.), is an employment discrimination suit brought under federal law by Fred Jacobeit against Rich Township High School District 227 and Maceo Rainey, who at all relevant times was a principal in the District. The District tendered its and Rainey's defense to the District's insurer, Indiana Insurance Company, which retained Scariano, Himes & Petrarca, Chtd., to represent them both. After Jacobeit filed a sanctions motion against the District and Rainey, Rainey asked for his own separate counsel, believing Scariano to be conflicted. Scariano sought and was granted leave to withdraw as Rainey's counsel. Indiana eventually offered Rainey representation by Spesia & Ayers, but Rainey wants Indiana to appoint and pay for different counsel, Jerome M. Davis, Esq.

The impasse has delayed proceedings in the *Jacobeit* case, and also prompted this separate lawsuit, in which Rainey alleges that the District and Indiana have violated Illinois law by failing to provide him with conflict-free counsel in *Jacobeit*. The complaint, filed in early January 2011 on Rainey's behalf by attorney Davis, does not and could not invoke subject matter

jurisdiction under the diversity statute, 28 U.S.C. § 1332, because Rainey and the District are both Illinois citizens. It instead says that "[t]his court has jurisdiction over this matter under 28 U.S.C. § 1367(a) and 28 U.S.C. § 2201." At a status hearing in *Jacobeit* on February 7, 2011, with the District's counsel and Rainey in attendance, the instant case was discussed—including whether the court's subject matter jurisdiction had properly been invoked. The next day, after reviewing the complaint, the court ordered Rainey to show cause why the case should not be dismissed for want of subject matter jurisdiction.

In his response memorandum, Rainey acknowledges that § 2201 cannot support subject matter jurisdiction. But he maintains that § 1367 can, saying: "Given that the Court's status hearing on the Jacobeit Litigation was dominated by a discussion of the instant case, it is difficult to understand how the Court missed the point that its jurisdiction over the instant action and the pendent claims asserted therein is predicated on its original jurisdiction over the Jacobeit case." Doc. 17 at 2. Rainey's premise, which his memorandum makes explicit, is that § 1367 allows a court in Lawsuit #2 to exercise supplemental jurisdiction over state law claims forming part of the same case and controversy as federal claims (or other claims within the court's original jurisdiction) in Lawsuit #1.

Rainey does not cite, and the court is unaware of, any reported decision accepting that premise. The decisions, rather, appear unanimously to reject the premise, holding that § 1367 is properly invoked only where the claims allegedly subject to supplemental jurisdiction are brought in the same case as a claim subject to original jurisdiction. *See, e.g.*, *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86 (9th Cir. 1997) ("Supplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction, … not [in] a separate or subsequent case."); *Feinstein v. Wood, Hat & Silver, L.L.C.*, 2010 WL 3584002, at

*2 (E.D. Wis. Sept. 9, 2010) ("Here, the Receiver's invocation of supplemental jurisdiction is based on the relationship of this action to a separate action pending before this Court. Yet Section 1367 speaks of the relationship of separate claims in the same action. It does not apply here.") (internal citations omitted); *Empagran S.A. v. F. Hoffman-La Roche Ltd.*, 453 F. Supp. 2d 1, 10-12 (D.D.C. 2006) (same); *Siegel v. Consol. Edison, Inc.*, 318 F. Supp. 2d 176, 179 (S.D.N.Y. 2004) (same); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F. Supp. 1098, 1101-02 (N.D. Ind. 1995) (same); *USA One BV v. Delmont Fire Prot. Serv., Inc.*, 1993 WL 140514, at *1 (E.D. Pa. May 3, 1993) (same); *Moore v. Rosenthal & Schanfield, P.C.*, 1992 WL 346422, at *2 (N.D. Ill. Nov. 19, 1992) (litigants "simply cannot bring into the federal courts such an independent lawsuit, involving only state-based claims, and point to some *other* lawsuit as the predicate for having done so. … In sum, the misreading and misconception of supplemental jurisdiction that has been engaged in here by [plaintiff] will not sell.").

Accordingly, § 1367 does not permit the court to exercise supplemental jurisdiction over Rainey's state law claims in this case based on their alleged relatedness to the federal claims pending in *Jacobeit*. There being no other claims brought in this case, the suit is dismissed without prejudice for want of subject matter jurisdiction.

February 24, 2011

_____
United States District Judge